**John L. HOWARD, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 85 C 7073.**

United States District Court,
N.D. Illinois, E.D.

April 29, 1986.

---

Peter F. Arden, Balanoff & Balanoff, Chicago, Ill., for plaintiff.

Edward J. Moran, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

DECKER, District Judge.

Plaintiff, John Howard (Howard), brought this action against the Secretary of the Department of Health and Human Services (Secretary of HHS) seeking review of the decision dismissing his claim for disability benefits. The Secretary moves to dismiss for lack of subject matter jurisdiction.

### I. *Factual Background*

Plaintiff filed his application for disability benefits on February 14, 1984. Initially, the claim was denied. This denial was upheld upon reconsideration. Plaintiff then requested a hearing before an administrative law judge (ALJ). A notice of hearing was mailed to plaintiff and his counsel on March 14, 1985, setting the hearing for April 24, 1985. Plaintiff claims he never received this notice.[1] It is undis-

puted that plaintiff failed to appear for the hearing. Plaintiff claims his counsel did appear. The Office of Hearings and Appeals could find no reference to counsel's appearance at the scheduled hearing. Whether plaintiff's counsel appeared is the central issue on the merits of this case because, under the relevant regulations, 20 C.F.R. §§ 404.957, 410.649 and 416.1457, a claim may be dismissed under such circumstances, only if both the claimant *and* his counsel fail to appear.

On April 25, 1985, the ALJ issued a "Notice to Show Cause for Failure to Appear." Plaintiff claims he did not receive this notice. On May 9, 1985, the ALJ, having received no response from plaintiff or his attorney, issued an order of dismissal. On May 13, 1985, plaintiff requested review of the dismissal order by the Appeals Council. The Appeals Council upheld the dismissal and plaintiff instituted this action seeking review of the Secretary's decision to dismiss his claim and a remand to the ALJ for a hearing on the merits of his disability claim.

### II. *Discussion*

The Secretary's position may be simply stated. Under 42 U.S.C. § 405(g), judicial review of the Secretary's decision is allowed only after "[a] final decision ... made after a hearing." The decision dismissing plaintiff's claim was not taken pursuant to a hearing and therefore judicial review is improper.

The Secretary relies heavily on *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In *Sanders*, the claimant filed an initial application for benefits which was handled through the appropriate administrative procedures and denied. The claimant did not seek judicial review of that decision. Seven years later, the claimant filed another application alleging the same basis for eligibility. The ALJ treated the claim, in part, as a request to reopen the prior application, and denied that request.

---

1. Plaintiff apparently has difficulty receiving mail. His address consists of two buildings. He resides in the rear building which has no mailbox. He has no mailbox in the front building.

The claimant sought judicial review. The Supreme Court rejected the claimant's argument that § 405(g) authorized judicial review, in large part because review would have undermined the sixty day limitation on judicial review of the initial decision.

*Sanders* is distinguishable from this case. The Court's concern that the sixty day limitation period would be undermined by subsequent judicial review is not relevant here. Plaintiff has not bypassed an opportunity for judicial review. Indeed, he does not seek adjudication of the merits of his disability claim. He seeks only a remand to the ALJ for further administrative proceedings.

Moreover, *Sanders* must be read in light of two other Supreme Court decisions, *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), which hold that the hearing requirement of Section 405(g) is not always enforced. In *Mathews,* the Court explained that there are two conditions of review under Section 405(g). The first, which is not waivable, is that the claim for benefits be presented to the Secretary. The second, which is subject to waiver, is the exhaustion requirement. Waiver, the court said, is appropriate where the Secretary has concluded that further proceedings are unwarranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond the Secretary's power to confer. *Id.,* 424 U.S. at 330, 96 S.Ct. at 900. In *Salfi*, the Court indicated that, where a hearing is futile because the only issue to be decided is beyond the Secretary's competence, the Secretary may waive the hearing requirement.

The Court in *Sanders* distinguished *Mathews* and *Salfi* because the claimants in those cases raised constitutional questions. *Sanders,* 430 U.S. at 109, 97 S.Ct. at 986. Here, plaintiff has couched his complaint in due process terms. Complaint at ¶ 11. Thus, *Mathews* and *Salfi*, not *Sanders,* are the appropriate reference points for this case.

More broadly, the policy requiring exhaustion of administrative remedies expressed in Section 405(g) is not offended by plaintiff's request. As the Supreme Court has explained:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Salfi,* 422 U.S. at 765, 95 S.Ct. at 2467. Plaintiff has pursued every available administrative avenue to overturn the dismissal. The Secretary's decision on this issue is final. The mere fact that the Secretary acted without a hearing should not prevent judicial review where, as here, no hearing was available. *See Bellantoni v. Schweiker,* 566 F.Supp. 313, 315 n. 2 (E.D.N.Y. 1983).

It would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing. This concern is heightened where, as here, the claimant alleges the agency denied him a hearing in violation of its own regulations. As the Seventh Circuit has recently reaffirmed:

> The obligation of an agency to follow its own regulations is the primary building block of administrative law:
>
> "When an administrative agency promulgates rules to govern its proceedings, these rules must be scrupulously observed ... For once an agency exercises its discretion and creates the procedural rules under which it desires to have its actions judged, it denies itself the right to violate these rules. If an agency in its proceedings, violates its rules and prejudice results, any action taken as a result of the proceedings cannot stand."

*Scott v. Heckler,* 768 F.2d 172, 178–179 (7th Cir.1985), quoting *Black v. Interstate Commerce Commission,* 737 F.2d 643, 652 n. 3 (7th Cir.1984). The court is not anxious to embrace a result that insulates an

administrative decision from judicial scrutiny where the claim is made that the agency failed to follow its own regulations.

Finally, other courts which have considered this question have reached a similar conclusion. *See Crumble v. Secretary of Health and Human Services,* 586 F.Supp. 57 (E.D.N.Y.1984); *Bellantoni v. Schweiker,* 566 F.Supp. 313 (E.D.N.Y.1983); *Shorter v. Secretary of Health and Human Services,* Unempl.Ins.Rep. (CCH) ¶ 14,125 (E.D.Mich.1982); *Beckham v. Schweiker,* 557 F.Supp. 137 (S.D.Ohio 1982); *Goins v. Harris,* 487 F.Supp. 1200 (N.D.Iowa 1980). *See also Johnson v. Heckler,* 769 F.2d 1202, 1207–1208 (7th Cir.1985).

The court emphasizes that its decision is quite narrow. It does not sanction review of plaintiff's disability claim on the merits. It does not circumvent any procedural step in the administrative process. Rather, this decision merely provides for a limited judicial review of the proceedings before the ALJ to determine whether there was in fact a failure on the part of the ALJ to follow the agency's regulations in ordering a dismissal of the plaintiff's claim in the absence of both the plaintiff and his counsel.

### III. *Conclusion*

For the foregoing reasons, the Secretary's motion to dismiss is denied.