**Richard McNATT, Plaintiff–Appellant,**

**v.**

**Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 99–35168.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 1999[1]

Filed Feb. 2, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

David B. Lowry, Portland, Oregon, for the plaintiff-appellant.

William W. Youngman, Assistant United States Attorney, Portland, Oregon, for the defendant-appellee.

Before: KLEINFELD and W. FLETCHER, Circuit Judges, and MANELLA, District Judge.[2]

W. FLETCHER, Circuit Judge:

Richard McNatt sued in federal district court to compel the Social Security Administration to grant him a benefits eligibility hearing. He now appeals the district court's dismissal of his suit for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

## I. FACTS AND PROCEEDINGS BELOW

Plaintiff–Appellant McNatt applied for and was denied Social Security disability and Supplemental Security Income benefits. In response to this denial, McNatt requested a hearing before an Administrative Law Judge (ALJ). The hearing was ultimately scheduled for December 17, 1996. Noting that McNatt could not appear on that day, McNatt's social worker requested McNatt's attorney, David Lowry, to reschedule the hearing. For reasons not clear from the record, the rescheduling was not accomplished prior to the hearing. Rather, McNatt's attorney appeared at the December 17 hearing without his client, apparently to seek a continuance.

At the hearing, the following colloquy ensued:

ALJ: It is now 9:15, and the claimant is not in attendance at this time, but his Attorney and representative, David Lowry, is in attendance. For the record, Mr. Lowry, are you authorized to proceed with the hearing without your client?

LOWRY: I have not discussed that with the client so ... in the current posture of things [I] would not want to proceed in his absence.

ALJ: Okay. If you're not prepared to proceed in his absence, then as far as I'm concerned, your appearance here today is not for the purposes of proceeding with the hearing ... I'm going to treat this as a no show by your client, and insofar as your appearance here for the purpose of a hearing, also a no show, even though you're technically here.

Following this exchange, the ALJ advised counsel that a Notice to Show Cause would be forthcoming, and that if McNatt did not respond his request for a hearing would be dismissed. The notice was mailed two days before Christmas Day, on December 23, 1996. The notice required McNatt to respond by the day after New Year's Day, on January 2, 1997. For reasons that may be guessed but that are not clear from the record, McNatt did not respond by that date. On January 31, 1997, the ALJ dismissed McNatt's request for a hearing.

McNatt appealed the ALJ's dismissal to the Social Security Administration's (SSA) Appeals Council. On May 30, 1998, the Council denied his request for review. McNatt next filed an action in district court, again seeking to compel the SSA to grant him a hearing. Concluding that McNatt had not received a "final judgment ... after a hearing" and thus had not exhausted his administrative remedies, the district court dismissed the case for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

**2.** Honorable Nora Manella, United States District Judge for the Central District of Califor-

nia, sitting by designation.

## II. DISCUSSION

### A. Standard of Review

■ We review *de novo* dismissals for lack of subject matter jurisdiction, favorably viewing the facts alleged to support jurisdiction. *Boettcher v. Secretary of Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir.1985). We also review *de novo* an ALJ's findings of law, although we afford deference to an agency's reasonable construction of statutes. *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir.1989).

### B. Jurisdiction to Review the Dismissal

■ Sections 405(g)[3] and (h)[4] of the Social Security Act require that, in order to obtain judicial review of a decision of the Secretary, a claimant must have obtained a "final decision ... made after a hearing." 42 U.S.C. § 405(g). The district court held that because no hearing took place, it had no jurisdiction to hear the appeal. It is true that there was no "hearing" before the ALJ in the sense of a hearing at which evidence is taken and entitlement to benefits is determined. Indeed, it is precisely because such a hearing did not take place that McNatt sought review in the district court. But we believe that "hearing," as used in § 405(g), has a broader meaning.

■ The hearing requirement of § 405(g) is intended to ensure that claimants do not bypass the administrative procedure established to resolve their claims. *See Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (stating that administrative exhaustion is generally required to prevent premature interference with agency processes, to capitalize on agency experience and expertise, and to allow for the compilation of an adequate record for review). Accordingly, this court has held that a claimant who simply refuses to attend a hearing, either personally or through counsel, is not entitled to judicial review of a dismissal for failure to attend. *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir.1992).

However, it does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance also forfeits review. We believe that "[i]t would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing" and that "[t]his concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations." *Howard v. Heckler*, 661 F.Supp. 654, 656 (N.D.Ill.1986).

■ Accordingly, we hold that when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g). We therefore conclude that McNatt is seeking judicial review of a "final decision ... made after a hearing," and that the district court had jurisdiction to review the decision of the ALJ.

### C. The Dismissal

■ McNatt contends that the ALJ dismissed his request for a hearing in violation of controlling law. We agree.

Dismissal of a request for a hearing before an administrative law judge is governed by 20 C.F.R. § 404.957, which provides in relevant part:

**3.** Section 405(g) provides in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action...." 42 U.S.C. § 405(g).

**4.** Section 405(h) provides that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided...." 42 U.S.C. § 405(h).

An administrative law judge may dismiss a request for a hearing under any of the following conditions:

. . . . .

(b)(1)(i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing ... and good cause is not found by the administrative law judge....

(b)(1)(ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.

It is apparent that this regulation does not empower the ALJ to dismiss McNatt's claim. Its text provides that the ALJ may dismiss if "[n]either you *nor* the person you designate to act as your representative appears." *Id.* (emphasis added). Under a literal reading of the text, it thus suffices for either McNatt or his attorney to appear.

The Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX) provides interpretation of the regulation regarding dismissals. HALLEX provision I–2–425(D), entitled "Claimant's Representative Appears at Hearing Without the Claimant," provides as follows:

If a claimant's representative appears at a scheduled hearing without the claimant, the ALJ must determine whether the claimant is an essential witness for a proper determination of the case.

1. If the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue the decision.

2. If an ALJ determines that claimant is an essential witness, the ALJ should offer to postpone the hearing so that the claimant may appear.

. . . . .

NOTE: If a representative appears at a scheduled hearing without the claimant, dismissal is not appropriate even if the ALJ has determined that the claimant is an essential witness.

The Secretary argues that McNatt's attorney did not "appear" within the meaning of the regulation and the HALLEX interpretation because he was not prepared to go forward at the hearing. In particular, the Secretary contends that the language of the HALLEX interpretation "clearly demonstrates that [it] applies only where the claimant's representative is prepared to proceed."

We do not agree with the Secretary's reading of either the regulation or the HALLEX interpretation. In common usage, an attorney "appears" in a proceeding for many purposes, including appearing to seek a continuance. Indeed, the HALLEX interpretation demonstrably uses the term "appear" in this broad and conventional sense. The governing premise for the HALLEX interpretation is that a "claimant's representative appears at hearing without the claimant." *Id.* The interpretation then goes on to specify that in such an event, the ALJ should offer to postpone the hearing if the "claimant is an essential witness." *Id.* In other words, the ALJ should offer to postpone if the attorney is not ready to proceed because of the claimant's absence. This is, of course, the opposite of what the Secretary contends.

In sum, the governing regulation states that an ALJ may dismiss if "neither you nor the person you designate to act as your representative appears at the time and place set for the hearing...." 20 C.F.R. § 404.957. The HALLEX interpretation provides that when a representative appears without a claimant who is an essential witness, the ALJ should offer to postpone the hearing. McNatt's attorney appeared; McNatt was clearly an essential witness; and the ALJ did not offer to postpone the hearing. The ALJ's dismissal was therefore in error.

REVERSED and REMANDED.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

The district court did not err in concluding that it lacked jurisdiction. The statute says that an individual can obtain judicial review of a "final decision of the Commissioner of Social Security made after a hearing."[1] All other review is expressly precluded. "No ... decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided."[2]

In *Califano v. Sanders*,[3] a social security claimant sought judicial review of a refusal to reopen a claim that had been previously dismissed. Like this case, that was a final decision dismissing the claim without an evidentiary hearing, as opposed to a decision after a hearing. The Supreme Court held that the statute limiting review to decisions made "after a hearing" could not be read to "authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."[4] "This provision clearly limits judicial review to a *particular type* of agency action, a 'final decision of the Secretary made after a hearing.'"[5]

We held in *Hoye v. Sullivan*[6] that where a claimant failed to attend a scheduled hearing, he "waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends."[7] This case is controlled by *Hoye*.

Arguably the term "hearing" in the statute does not mean "evidentiary hearing," and the dismissal was final, so if *Hoye* could be distinguished, it would be because McNatt got a final decision after a hearing. I doubt that this is correct, because the statutory description of judicial review presupposes an evidentiary hearing. "[T]he Commissioner of Social Security shall file a certified copy of the transcript of the record *including the evidence upon which the findings and decision complained of are based.*[8] *The findings of the Commissioner of Social Security as to any fact*, if supported by substantial evidence, shall be conclusive, ... and [the reviewing court] may at any time order *additional evidence* to be taken before the Commissioner of Social Security...."[9] But even if "hearing" means any appearance in the tribunal, and not just an evidentiary hearing, so that the district court would have had jurisdiction, nevertheless the district court could not properly have vacated the Commissioner's decision.

McNatt's lawyer did not request a continuance. Someone at a hospital had sent McNatt's lawyer a handwritten note saying, "Mr. McNatt will be out-of-state from 12–17–96 to 12–19–96." But so far as the excerpts of record indicate, McNatt's lawyer did not move for a continuance before the hearing. Then when McNatt's lawyer appeared at the time set for hearing, he again did not move for a continuance. Instead, he denied that he had authority to proceed. The ALJ asked him if he was "authorized to proceed without your client." The lawyer replied, "I have not discussed that with the client so I in the current posture of things would not want to proceed in his absence." That means he was *not* authorized to participate in the hearing, not that he asked for a continuance. An appearance by an attorney not authorized to proceed amounts to no appearance by an attorney authorized to proceed.

**1.** 42 U.S.C. § 405(g).

**2.** 42 U.S.C. § 405(h).

**3.** *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

**4.** *Id.* at 107–08, 97 S.Ct. 980.

**5.** *Id.* at 108, 97 S.Ct. 980 (emphasis added).

**6.** *Hoye v. Sullivan*, 985 F.2d 990 (9th Cir. 1992).

**7.** *Id.* at 991.

**8.** 42 U.S.C. § 405(g) (emphasis added).

**9.** *Id.*

The ALJ gave McNatt and counsel a fair chance to clear up any mistaken impression that might have been left by the words used at the hearing. He did not dismiss forthwith, but instead issued an order to show cause, as he was required to do by the regulations.[10] He made it clear that what he wanted in response was "what underlying reason there was for him [McNatt] to be absent." True, the order to show cause was dated December 23, with the response due January 2, so it may have been missed because of the Christmas inefficiency common to offices. This inconvenient timing was also required by the regulations.[11] But the lawyer was at the hearing and knew the order to show cause was coming. Perhaps more importantly, the dismissal order was not issued until January 31, so there was plenty of time for a late response combined with a motion for leave to file the late response. So far as I can tell from the record, McNatt personally or through counsel never asked for a continuance, never offered an excuse for failing to appear, and never asked to be relieved of the consequences of failing to appear.

In addition to making a motion for continuance on McNatt's behalf that he never actually made and showing cause for him that he never actually showed, we are making up a reason why he needed the continuance—that "McNatt was clearly an essential witness." That is not necessarily so, and on this scanty record, we have no idea whether that is so. In some cases of severe disability, such as coma, quadriplegia, or acute psychosis, the claimant may not be a necessary witness, and his case may be made entirely on the medical evidence. This record does not tell us what is wrong with McNatt, and the letter from someone at the hospital to his lawyer suggests that he may be institutionalized, so for all we know McNatt was not an essential witness at all.

With the record we have, I do not think we should stretch to find jurisdiction, make up an excuse for why McNatt did not appear, and assume that a continuance to allow him to appear was necessary and obligatory. We should affirm.