Cheryl **WHITTLE**, Plaintiff—Appellant,

v.

**SOCIAL SECURITY ADMINISTRATION**, Defendant— Appellee.

No. 01–35282.

D.C. No. CV–97–00715–HO.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2001.*

Decided Dec. 7, 2001.

Before FERGUSON, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Under *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993),

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Plaintiff Cheryl Whittle is a "prevailing party" with a "final judgment" within the meaning of the Equal Access to Justice Act (EAJA). In *Schaefer*, the Supreme Court held that a party who secures a remand under "sentence four" of 42 U.S.C. § 405(g) is a "prevailing party" for purposes of the EAJA. *Id.* at 302. A party may prevail for this purpose without having obtained an award of benefits. *Id.* The 30–day clock for filing for EAJA fees begins to run upon a sentence-four remand, which is a final judgment for this purpose unless the district court retains jurisdiction. *Id.; see also Holt v. Shalala*, 35 F.3d 376, 379–80 (9th Cir.1994).

In this case, the EAJA clock began to run with the district court's first remand. Whittle's lawyer properly applied for EAJA fees at that time. We turn, then, to the merits of the fee request.

The question is whether "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government's position must be substantially justified at each step of the proceedings, *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988), and it bears the burden of showing substantial justification, *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995). The specific question is whether the government's position in defending the administrative law judge's dismissal when Whittle appeared without counsel was "substantially justified." In view of *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir.2000), and its reasoning, we hold that the government's position was not substantially justified because it did not have a reasonable basis in the applicable law.

REVERSED and REMANDED with instructions to award fees and expenses to

Plaintiff Cheryl Whittle pursuant to 28 U.S.C. § 2412(d)(1)(A).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.