Harry R. COPELAND, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of Social Security, Defendant–Appellee.

No. 00–35862.

D.C. No. CV–99–0006–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided July 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

* Jo Anne B. Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of Social Security pursuant to Fed. R.App. P. 43(c)(2).

Before BROWNING, B. FLETCHER, and GOULD, Circuit Judges.

### MEMORANDUM [**]

Plaintiff–Appellant Harry R. Copeland appeals an order of the district court dismissing his civil action against Defendant–Appellee Acting Commissioner of Social Security William A. Halter for denial of his Social Security disability benefits. Copeland had previously applied for benefits in 1990, and his claim was denied following a hearing before an administrative law judge ("ALJ") on August 17, 1991. At that time, Copeland claimed disability due to a back injury suffered beginning in July 1985 and continuing through the expiration of his insured status in 1991. The ALJ determined that Copeland was not disabled throughout the period covering the date of expiration for his disability insured status, December 31, 1990, and consequently denied him benefits. Copeland did not appeal that decision.

He then filed a second application for benefits on April 22, 1994, claiming disability due to the same injury and from the same inception date. In his application, Copeland informed the Social Security Administration ("SSA") that he had filed a previous application for benefits, and he provided the agency with his social security number. On July 7, 1994, Copeland received written confirmation that he had met the medical requirements for receipt of disability benefits due to spondylosis, rheumatism, and pain as of May 2, 1990. He received benefits as of that date.

However, on February 27, 1996, SSA sent Copeland written notice that it was denying his claim because the August 1991 ruling, finding that he was not disabled through the time period when his insured status expired, was a final ruling precluding any subsequent claim of disability within the same time period as res judicata. Copeland subsequently requested and was denied a hearing before an ALJ, and he filed suit in district court only after exhausting his administrative appeals. The district court dismissed Copeland's civil action for lack of subject matter jurisdiction, because it concluded that the agency's decision to assert the defense of res judicata was not reviewable. We have jurisdiction to hear appeals from final judgments of the district court under 28 U.S.C. § 1291.

We review *de novo* the district court's dismissal "for lack of subject matter jurisdiction, favorably viewing the facts alleged to support jurisdiction." *McNatt v. Apfel,* 201 F.3d 1084, 1087 (9th Cir.2000). The district court ruled that "the August 17, 1991 decision denying benefits was *res judicata,* and the defense of *res judicata* was not waived by the initial grant of benefits in 1994." This ruling was error.

The Supreme Court has long held that a ruling by an administrative agency serving in a judicial capacity to resolve factual disputes may establish res judicata. *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). In this circuit, we have held that "[t]he Commissioner may

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

... apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir.1995). And such a refusal of reconsideration is generally not subject to judicial review. *Id.; see also Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir.1985) ("District courts ... have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata.").

However, SSA may not rely upon res judicata "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester*, 81 F.3d at 827 n. 3; *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir.1988). In other words, the Commissioner waives the defense of res judicata where he constructively reopens a disability claim.

Furthermore, in the present instance, Copeland placed the agency on notice of his previous application for benefits. It was incumbent upon the agency to retrieve its record of Copeland's prior application and to raise res judicata in a timely fashion if it intended to rely upon that defense. We, therefore, reverse and remand to the district court for subsequent remand to the agency with instruction to recommence payment of benefits.

REVERSED AND REMANDED.