**Robert KRIEGER, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security,\* Defendant—Appellee.**

No. 01–35742.
D.C. No. CV–00–01281–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Feb. 28, 2003.

---

\* Jo Anne Barnhart is substituted for her predecessor as Commissioner of the Social Security

Administration. Fed. R.App. P. 43(c)(2).

Before KLEINFELD and MCKEOWN, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

The Social Security Commissioner denied Robert Krieger's application for Title II Social Security disability benefits, 42

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. § 401 *et seq.*, and Title XVI Supplemental Security Income disability benefits, 42 U.S.C. § 1381 *et seq.*, for emphysema and bipolar disorder. Krieger appealed to an Administrative Law Judge ("ALJ"), who ruled that Krieger was able to perform jobs available in significant numbers in the national economy and therefore was not disabled under the Social Security Act. The ALJ also ruled that because Krieger was not disabled on or before the date his insurance status expired, he was not entitled to receive disability insurance benefits. The district court affirmed.

We review the district court's judgment de novo, and independently determine "whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence," *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996) (citing *Fair v. Bowen,* 885 F.2d 597, 601 (9th Cir.1989)), such that a "reasonable mind might accept [the evidence] as adequate," *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Krieger challenges the ALJ's findings at steps three and five of the five-step sequential inquiry required by the Social Security regulations. *See* 20 C.F.R. § 404.1520(b)-(f).

At step three, the ALJ determined that neither Krieger's bipolar disorder nor his pulmonary disease met a disability listing, based on his assessment of Krieger's credibility and his finding that Krieger's pulmonary disease would not be severe in the absence of his marijuana use. Our review of the record reveals that the ALJ's credibility determination was supported by

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

substantial evidence: Krieger had a history of discounting the significance of his marijuana use; Krieger's claims that his physical capabilities, concentration, and memory were severely restricted were contradicted by the testimony of the examining psychologist; and no objective medical evidence substantiated his claim that he suffered blackouts.

■ The ALJ's determination regarding Krieger's marijuana use was not in error. *See* Public Law 104–121, § 105 (amending the Social Security Act definition of disability, 42 U.S.C. § 423(d)(2), to provide that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled").

■ The Social Security Administration's Emergency Teletype does not change our analysis. Administrative materials carry the force and effect of law only if they "(1) [p]rescribe substantive rules-not interpretive rules [or] general statements of policy ... and, (2) conform to certain procedural requirements." *Moore v. Apfel,* 216 F.3d 864, 868 (9th Cir.2000) (quoting *United States v. Fifty–Three Eclectus Parrots,* 685 F.2d 1131, 1136 (9th Cir.1982)). The teletype was not published in the Federal Register or the Code of Federal Regulations, *see Moore,* 216 F.3d at 869, nor was it "intended to create substantive rights in third parties ... or to paralyze the [Administration] by conditioning the exercise of ... authority on the satisfaction of several requirements," *United States v. Alameda Gateway, Ltd.,* 213 F.3d 1161, 1168 (9th Cir.2000). *McNatt v. Apfel,* 201 F.3d 1084 (9th Cir. 2000), does not persuade us otherwise, as that case dealt with the Commissioner's interpretation of a binding regulation. *See Moore,* 216 F.3d at 869 (concluding that in *McNatt* "[i]t was the Federal Regulation that had the force and effect of law," not the internal manual). Finally, the ALJ's determination regarding the negative effect of Krieger's marijuana use was supported by the medical expert's testimony.

The ALJ's determination at step five that Krieger could work in jobs present in significant numbers in the national economy was also supported by substantial evidence. The ALJ's hypothetical questions were "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir.2001).

Finally, although Dr. Grossman's testimony regarding Krieger's physical limitations could cast doubt on Krieger's ability to sustain regular employment, the ALJ's conclusion was not unreasonable, nor can it be said that the outcome would necessarily have changed had the ALJ given greater weight to Dr. Grossman's testimony.

AFFIRMED.