Regina LENO, Plaintiff–Appellant,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant– Appellee.**

No. 04–17121.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Nov. 8, 2006.

Fed. R.App. P. 34(a)(2).

Roy R. Levin, Esq., Law Office of Roy R. Levin, Sacramento, CA, for Plaintiff–Appellant.

Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY **, District Judge.

MEMORANDUM ***

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. We review the district court's dismissal of the case for lack of subject matter jurisdiction de novo. *See, e.g., Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 654 (9th Cir.2003); *McNatt v. Apfel,* 201 F.3d 1084, 1087 (9th Cir.2000).

Leno contends that the Department of Veterans Affairs violated her rights by denying her an accommodation under 29 U.S.C. § 794(a) and 42 U.S.C. § 1981(a)(b). Leno maintains that the

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim at issue in this appeal—to discontinue the use of certain cleaning chemicals at her workplace—was subsumed under a claim for review of a denial of reassignment that she properly filed with the EEO.

 The exclusive judicial remedy for disability discrimination claims by federal employees is found under 29 U.S.C. § 791. *Boyd v. United States Postal Serv.*, 752 F.2d 410, 412–13 (9th Cir.1985). Under this regime, federal employees must exhaust their administrative remedies in order to establish subject matter jurisdiction in the federal courts. *See, e.g., B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir.2002); *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir.1994); *Vinieratos v. United States Dep't of Air Force,* 939 F.2d 762, 769 (9th Cir.1991). We have held that discrimination complaints must first be presented to the administrative agency before they can be reviewed by the courts. *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001) ("In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction.").

Leno's claim to discontinue use of the chemicals did not reasonably grow out of her reassignment claim. The complaint Leno filed with the EEO makes no mention of her request for the VA to accommodate her by discontinuing use of cleaning chemicals; it asserts a claim only for denial of reassignment (in addition to a harassment claim, which she later dropped). Leno argues that while she did not formally file that complaint, the nature of her reassignment complaint should have put the EEO on notice of her complaint to

discontinue use of the cleaning chemicals. We fail to see how this is the case. The EEO cannot be expected to "read between the lines" and investigate the universe of potential claims an individual *could* have made, but did not raise. The EEO properly investigated the claims Leno presented; the fact that the EEO report only makes oblique reference to the cleaning chemicals or Leno's asthma attacks evidences that the agency was not put on notice of her additional "implicit" claim. Because the EEO never had an opportunity to consider Leno's additional claim, the district court was correct in holding that it lacked subject matter jurisdiction over the issue.

**AFFIRMED.**