**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BEACON HEALTHCARE SERVICES,
INC., DBA Newport Bay Hospital,
          *Plaintiff-Appellant,*

v.

MIKE LEAVITT, Secretary, United
States Department of Health &
Human Services,
          *Defendant-Appellee.*

No. 09-56246

D.C. No.
8:07-cv-00918-JVS-
RNB

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
October 8, 2010—Pasadena, California

Filed December 16, 2010

Before: Raymond C. Fisher and Jay S. Bybee, Circuit
Judges, and Edward F. Shea, District Judge.*

Opinion by Judge Bybee

---

*The Honorable Edward F. Shea, United States District Judge for the
Eastern District of Washington, sitting by designation.

**COUNSEL**

Richard J. Foster, Law Office of Richard J. Foster, Seal Beach, California; Mark S. Kennedy, Kennedy Attorneys & Counselors at Law, Dallas, Texas, for the appellant.

Andre Birotte, Jr., Leon W. Weidman, and Russell W. Chittenden, United States Department of Justice, Civil Division, Los Angeles, California, for the appellee.

**OPINION**

BYBEE, Circuit Judge:

Plaintiff-Appellant Beacon Healthcare Services, Inc., ("Beacon") appeals the district court's judgment affirming the Provider Reimbursement Review Board's ("PRRB") determination that it did not have jurisdiction to hear Beacon's appeal of a fiscal intermediary's decision; concluding on the merits that the Secretary of the U.S. Department of Health and Human Services ("Secretary") is not required by law to adjust Beacon's target TEFRA costs; and dismissing Beacon's remaining claims.

For the reasons discussed below, we conclude the PRRB did have jurisdiction to hear Beacon's appeal. We affirm, however, the district court's (1) decision that the Secretary is not required by law to adjust Beacon's TEFRA target, and (2) dismissal of the additional claims for which Beacon invoked subject matter jurisdiction under 28 U.S.C. § 1331.

## I.   FACTS AND PROCEEDINGS

Beacon operates Newport Bay Hospital, a 34-bed psychiatric hospital specializing in services for geriatric patients in California. The medical conditions attendant to this aged pop-

ulation require Beacon to provide a larger and more varied array of services, medical machines, and physical amenities (e.g., railings and ramps) than does a psychiatric hospital serving the general population. For this reason, Beacon's expected annual expenses are higher than those of typical psychiatric hospitals.

For the period ending April 30, 2001, and in accordance with the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, the Centers for Medicare and Medicaid Services capped Beacon's annual reimbursement at a target amount based upon the expected annual costs of all psychiatric hospitals. 42 U.S.C. § 1395ww(b)(3)(H). Beacon's TEFRA target amount is adjusted annually in accordance with a statutory index designed to reflect inflation. *Id.*

In 2003, Beacon made a claim to its fiscal intermediary, Mutual of Omaha Insurance Company ("Mutual"), for an increase to its annual TEFRA target amount in excess of its as-of-right inflation increase. Beacon requested the increase to compensate for the higher costs associated with serving an atypically geriatric mix of patients. Mutual denied Beacon's claim for an increased TEFRA target amount but did allocate to Beacon an additional payment of $32,081 because Beacon's 2001 costs had been below its 2001 TEFRA ceiling, a payment mandated by 42 U.S.C. § 1395ww(b)(1)(A). Section 1395ww(b) requires the Secretary to pay hospitals a bonus if their costs do not exceed their TEFRA annual ceiling for the year.

Beacon appealed to the PRRB. The PRRB found it "lack-[ed] jurisdiction to decide [Beacon's] case" because Beacon's claim did not meet "the 'amount in controversy' requirement for a Board hearing." The PRRB reasoned that Beacon's claim for $164,000 in additional payments did not meet the statutory requirement that the PRRB only hear cases for which "the amount in controversy is $10,000 or more," 42 U.S.C. § 1395oo(a)(2), because "[Beacon's] calculation is

based upon an adjustment to its TEFRA ceiling (and a corresponding increase to its TEFRA incentive or bonus payment), not how much additional reimbursement will be due to the Provider, which is inconsistent with program rules." Citing 42 C.F.R. § 413.40(g)(1)(iii), the PRRB concluded that the Secretary was prohibited from making the adjustment Beacon requested. The PRRB held that because "[Beacon's] TEFRA ceiling is not subject to adjustment, [Beacon's] amount in controversy calculation is inaccurate, and there is no Medicare reimbursement at issue." The PRRB ordered the dismissal of Beacon's appeal.

Beacon appealed the PRRB's dismissal to the district court, which declined to resolve whether the issue on appeal was "jurisdictional or substantive" but held that, regardless, "the dispute here really turns on whether a provider whose expenses do not exceed the TEFRA cap may seek an adjustment." The court concluded "the PRRB was correct when it concluded that Beacon's claim did not meet the amount-in-controversy requirement." But the court also held, in the alternative, that even if the PRRB were mistaken in its jurisdictional decision, "the error would be harmless because there was no substantive basis for an adjustment." Beacon filed a timely appeal.

## II.   STANDARD OF REVIEW

We review de novo the district court's affirmance of the PRRB's dismissal for lack of subject matter jurisdiction, *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000); the district court's determination of the merits of Beacon's appeal, *Regents of Univ. of Cal. v. Heckler*, 756 F.2d 1387, 1393 (9th Cir. 1985); and the district court's dismissal of Beacon's unexhausted claims, *Boettcher v. Sec'y of Health & Human Services*, 759 F.2d 719, 720 (9th Cir. 1985).

The Secretary's decision on the merits may be overturned only if it is arbitrary, capricious, or otherwise defective under

the Administrative Procedure Act, 5 U.S.C. § 706. 42 U.S.C. § 1395oo(f)(1). *See Mt. Diablo Hosp. v. Shalala*, 3 F.3d 1226, 1230 (9th Cir. 1993) ("Under the APA, we must determine if the Secretary's action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' " (quoting 5 U.S.C. § 706(2)(A))).

## III.   DISCUSSION

### A.   *The PRRB's Jurisdiction*

**[1]** The scope of the PRRB's jurisdiction is established by 42 U.S.C. § 1395oo(a). The relevant portion of that section specifies that "any hospital which receives payments in amounts computed under subsection (b) or (d) of section 1395ww of this title . . . may obtain a hearing with respect to such payment by the Board" if "(1) such provider . . . is dissatisfied with a final determination of the Secretary as to the amount of the payment"; "(2) the amount in controversy is $10,000 or more"; and (3) "such provider files a request for a hearing within 180 days. . . ." 42 U.S.C. § 1395oo(a). In other words, this statute requires that the PRRB hear appeals from a hospital "dissatisfied" with the § 1395ww(b) payment it received, as long as the hospital's appeal meets the amount in controversy requirement ($10,000 or more) and procedural deadlines.

**[2]** The only § 1395oo(a) requirement in dispute here is the amount in controversy, which, in the context of cases originating in the federal district courts, "is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). In this case, Beacon claimed in its pleadings approximately $164,000 as the amount in controversy. This amount meets the requirements of § 1395oo(a)(2). Nevertheless, the PRRB dismissed Beacon's suit on jurisdictional grounds because it concluded that Beacon was not in fact entitled to an adjustment of at least $10,000, the PRRB's required amount in con-

troversy. This was error. The PRRB confused the amount in controversy with the remedy.[1] The amount in controversy is judged prospectively: that is, we determine our jurisdiction by asking whether, assuming the petitioner or plaintiff has stated a cause of action, he has pled sufficient damages. Here the PRRB inverted the inquiry. It began by asking if Beacon was entitled to an adjustment of the TEFRA ceiling. Having determined that Beacon was not so entitled, the PRRB dismissed for want of jurisdiction because Beacon had failed to state a claim for the requisite amount in controversy.

**[3]** As Beacon's case met all of the statutory requirements of 42 U.S.C. § 1395oo(a), it fell within the scope of the Secretary's jurisdiction, and the PRRB erred in finding otherwise.

B.  *The TEFRA Adjustment*

The PRRB made clear, and the district court held in the alternative, that even if the PRRB had jurisdiction, Beacon could not receive an increase to its TEFRA target. This inquiry goes to the merits of Beacon's claim.

**[4]** Section 1395ww(b)(4)(A) requires the Secretary to make TEFRA target exceptions and adjustments "where events beyond the hospital's control or extraordinary circumstances . . . create a distortion in the increase in costs for a cost reporting period." The Secretary promulgated an additional regulation requiring that a hospital's "operating costs exceed the [TEFRA] rate-of-increase ceiling" before the Sec-

---

[1]To state the problem by analogy to the Federal Rules of Civil Procedure, the PRRB confused a 12(b)(6) dismissal (dismissal for failure to state a cause of action) with a 12(b)(1) dismissal (dismissal for want of subject matter jurisdiction). *See Reed Elsevier Inc. v. Muchnick*, 130 S. Ct. 1237, 1244 (2010) ("Our recent cases evince a marked desire to curtail such drive-by jurisdictional rulings, which too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action.") (quotation marks and citations omitted).

retary will make a § 1395ww(b)(4)(A) adjustment. 42 C.F.R. § 413.40(g)(1)(iii).

**[5]** The Secretary's regulation is a reasonable interpretation of 42 U.S.C. § 1395ww(b)(4)(A). The Medicare Act does not define the critical term—"distortion in the increase in costs"—meriting adjustment. Recognizing this ambiguity, the Secretary has interpreted "increase in cost" to mean an "increase in operating costs beyond the TEFRA ceiling" and not an "increase in potential operating costs." 42 C.F.R. § 413.40(g)(1)(iii). As the district court noted, the Secretary issued a "detailed explanation for why adjustments should be limited to situations where the provider has exceeded his TEFRA cost ceiling." *See* Medicare Program; Miscellaneous Changes Affecting Payment for Inpatient Hospital Services, 53 Fed. Reg. 9337 (Mar. 22, 1988). The Secretary explained that the regulation filled a gap in the statutory regime created by the adoption of the adjustment provision and the incentive payment provision from two different versions of the law. As the Secretary explained: "[T]he language in the statute authorizing the exemptions, exceptions, and adjustments was added by the Senate without its contemplating that this process would apply in cases in which the hospital's costs do not exceed the target amount and the hospital receives an incentive payment." Medicare Program, 53 Fed. Reg. at 9340. The Secretary's explanation and policy choice are reasonable constructions of the Medicare Act. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984).

**[6]** Because Beacon did not experience an increase in operating costs beyond the TEFRA ceiling, the district court correctly determined that Beacon was not eligible for a TEFRA target cost adjustment under 42 U.S.C. § 413.40(g)(1)(iii).

## C.  *Beacon's Remaining Claims*

**[7]** The district court dismissed Beacon's claims that were not raised before the PRRB. As the district court properly

explained, 42 U.S.C. § 1395ii makes § 405(h) of the Social Security Act applicable to the Medicare Act. Section 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). This provision makes exclusive the judicial review method set forth in § 1395oo(f), which allows for district court review of "any final decision" of the PRRB "or of any reversal, affirmance, or modification by the Secretary." *See also* 42 U.S.C. § 1395ii.

   **[8]** In *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000), the Supreme Court held that, though the scope of the "arising under" language of § 405(h) is facially "uncertain," "th[e]se words clearly apply in a typical . . . Medicare benefits case, where an individual seeks a monetary benefit from the agency . . . , the agency denies the benefit, and the individual challenges the lawfulness of that denial." *Id.* at 10. The Court observed that § 405(h) "plainly bars . . . § 1331 review . . . irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Id.* Such is the case here, and as a consequence, Beacon was barred from joining the claims it did not bring before the PRRB to its appeal of the agency's final decision. Therefore, the district court correctly concluded it lacked jurisdiction over Beacon's unexhausted claims.

## IV.   CONCLUSION

In sum, although the PRRB improperly ruled that it lacked jurisdiction to hear Beacon's appeal, the district court properly affirmed the agency's decision on the merits, holding Beacon was not entitled to a TEFRA target cost adjustment under 42 U.S.C. § 413.40(g)(1)(iii) when its annual operating costs have not already exceeded its TEFRA target. The district court also properly dismissed Beacon's additional claims, as these claims are precluded by 42 U.S.C. § 1395ii.

The judgment is AFFIRMED.