**Eunice SUBIA, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 00–55166.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2001*

Filed Sept. 5, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

George L. Katz, Los Angeles, California, for the plaintiff-appellant.

Etzion Brand, Retirement, Survivors and Supplemental Assistance Litigation Branch, Office of the General Counsel Social Security Administration, Baltimore, Maryland, for the defendant-appellee.

Before: WALLACE, HALL and TROTT, Circuit Judges.

## OVERVIEW

TROTT, Circuit Judge:

Plaintiff–Appellant Eunice Subia filed a complaint in federal district court to compel the Social Security Administration ("SSA") to grant her a benefits eligibility hearing. The district court dismissed the action for lack of jurisdiction and entered judgment for the Commissioner of the SSA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court.

## DISCUSSION

### 1. Background

Subia is a 59 year-old former aircraft assembler residing in southern California who claims to suffer from a series of disabling injuries including toxic exposure, arthritis, asthma, fatigue, hypertension, and myalgia. In December of 1994, Subia applied for and was denied Social Security Disability Income benefits ("SSDI benefits"). In response to this denial, Subia requested a hearing before an Administrative Law Judge ("ALJ"). In a letter dated March 13, 1997, Subia and her attorney, George L. Katz, were advised by the SSA that Subia's request for a hearing would soon be assigned to an ALJ who would be traveling to Pasadena to hear the matter. Katz responded with a letter stating simply that "[t]his is our strongest objection to your out of state ALJs hearing our local matters."

An official Notice of Hearing was sent to Subia on September 27, 1997, advising her that a hearing before an ALJ had been scheduled for November 20, 1997, in Pasadena. The Notice of Hearing stated, among other things:

> If you do not appear at the hearing and I [the ALJ] do not find that you have good cause for failing to appear, I may dismiss your request for a hearing.

> . . . . .

> If you cannot come to your hearing at the time and place I have set, call this office immediately.

> . . . . .

> If I find that you have a good reason, I will reschedule the hearing for a time and place I set.

In a letter dated October 2, 1997, Katz responded to the Notice of Hearing by again objecting to an "ALJ from out of state hearing this matter," and also alleg-

ing various deficiencies with the Notice of Hearing. Specifically, Katz contended that the Notice of Hearing did not state the claimed period of disability, or the name and resume of the proposed vocational expert who was to testify at the hearing. Notably, this letter did *not* request a continuance of the hearing or indicate that Katz and Subia refused to attend the hearing. Neither Subia nor Katz appeared at the scheduled hearing on November 20, 1997.

In a letter to Katz dated November 25, 1997, the ALJ expressed her dismay at Katz' failure to attend the hearing and articulate his objections. The ALJ additionally stated in this letter that she was rejecting Katz' arguments on their merits because (1) the September 27, 1997 Notice of Hearing was not deficient, and (2) her residential status had no bearing on Subia's case. The ALJ then informed Katz that if she did not receive a verified statement within ten days, with supporting evidence, indicating that Katz or Subia "was incapacitated and could not attend the hearing," she would dismiss Subia's case.

In a letter to the ALJ dated December 8, 1997, Katz repeated his prior objections, but failed to explain his absence at the scheduled hearing. The ALJ responded by stating that Katz' December 8, 1997 letter contained "no explanation of your absence at the scheduled hearing, at which you could have made an objection—'on-the-record'—to my hearing the case." The ALJ then afforded Katz another thirty days to explain in writing his absence at the hearing. Katz responded in a letter dated February 2, 1998, restating his objection to an out-of-state ALJ hearing his client's case, noting that California ALJs generally furnish the names and resumes of prospective government witnesses in the Notice of Hearing, and voicing his concern that the suggested location for the hearing "*may* not have the court file." (emphasis added). Katz again failed to explain his absence at the hearing.

On February 7, 1998, the ALJ dismissed Subia's request for a hearing, citing her failure to establish good cause for failing to appear personally or through a representative at the November 20, 1997 hearing. On February 24, 1998, Subia requested that the Appeals Council vacate the ALJ's dismissal order, and schedule a new hearing "before an impartial ALJ." The Appeals Council denied Subia's request on December 23, 1998, finding that Subia had not established a basis for granting a request for review. Katz then asked the Appeals Council to reconsider its denial of review and to grant Subia an extension of time in which to file a civil action. In its February 8, 1999 response, the Appeals Council denied the request to reopen the matter and informed Subia that she was not entitled to judicial review in this case because there was no "final decision" by the Commissioner.

Subia filed a complaint in district court on February 23, 1999, seeking judicial review of the Commissioner's dismissal of her claim for SSDI benefits. On December 8, 1999, the district court concluded that it lacked jurisdiction to hear the case because there had been no "final decision" by the Commissioner. Subia timely appeals the district court's holding.

## 2. Subject Matter Jurisdiction

Subia challenges the district court's conclusion that it lacked jurisdiction to hear this case. For the reasons stated below, we reject Subia's claims.

### a. *Standard of Review*

■ We review de novo dismissals for lack of subject matter jurisdiction. *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir.1985).

b.  *Subia failed to exhaust her administrative remedies and therefore cannot seek judicial review of the dismissal of her case*

Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g).  The Supreme Court has stated that § 405(g) "clearly limits judicial review to a particular type of agency action, *a 'final decision* of the Secretary made *after a hearing.'* "  *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (emphasis added) (quoting 42 U.S.C. § 405(g)).

Here, there was no hearing or "final decision" by the Commissioner.  Subia was properly notified of the hearing, but elected not to attend on the grounds that the ALJ resided outside the state of California and that the Notice of Hearing was deficient.  "By refusing to attend the hearing, [Subia] waived [her] opportunity for a hearing and [she] failed to exhaust the administrative remedy upon which judicial review depends."  *Hoye v. Sullivan,* 985 F.2d 990, 991 (9th Cir.1992).

■  We may waive Subia's failure to exhaust her remedies and grant her judicial review if she asserts colorable constitutional claims.  *See id.*  Subia raises no explicit constitutional claims in this appeal.  Instead, Subia asserts merely that (1) she was entitled to have her case heard by an ALJ who resided in California, and (2) the Notice of Hearing should have included the name and resume of the vocational expert who was to testify at the hearing.  Subia made no attempt in the district court to anchor either claim in constitutional moorings.  Similarly, Subia makes

no explicit allegation of a due process violation in her brief to this court.[1]  Because Subia does not purport to raise any constitutional claims in this appeal, the district court properly dismissed this action for lack of jurisdiction.

c.  *Even if Subia's objections to the hearing are viewed as implicating constitutional issues, those issues are not colorable*

■  Even if we were to recast Subia's arguments as due process claims, the result would be the same.  As noted above, we will not waive a claimant's failure to exhaust her administrative remedies merely because she has asserted *any* constitutional claim; rather, her constitutional claim must be "colorable."  *See Hoye,* 985 F.2d at 991–92.  "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous."  *Id.* (internal quotations omitted).  Assuming that Subia has raised objections of constitutional dimension, these claims are not colorable.

■  We assume for the sake of argument that Subia contends the SSA violated her due process rights by assigning an out-of-state ALJ to hear her case.  This claim is devoid of logic.  Subia has advanced no rational argument explaining why an ALJ residing in California would be any more qualified to hear her case or more likely to provide her with a fair hearing than an ALJ residing elsewhere.  Although Subia asserts that an out-of-state ALJ may not be familiar with local doctors and vocation-

1.  Although Subia did not explicitly allege any due process violations in the district court or in this appeal, she did reference the Due Process Clause in two of her letters to the Appeals Council.  ("Due process requirement of identification/resume of prospective vocational Expert Witness...."); ("[T]his is the clearest Denial of Due Process witnessed by this sole practitioner in 40 years.").

al experts, she fails to explain why such familiarity is essential to ensure a fair hearing. Subia overlooks the fact that judges routinely entertain testimony from experts with whom they are wholly unfamiliar. A rule proscribing such a practice would be both inefficient and irrational.

Assuming *arguendo* that Subia could demonstrate that she would be prejudiced by an out-of-state ALJ's lack of familiarity with local experts, Subia does not clarify how the assignment of her case to an in-state ALJ would necessarily eliminate such prejudice. That is, Subia's argument fails to account for the likely probability that even an ALJ residing in California will not be familiar with *every* physician and vocational expert who may be called to testify—especially in a state as populous as California. Therefore, even if Subia's case were assigned to an in-state ALJ, she would face the same potential for prejudice that she allegedly encountered with the out-of-state ALJ.

Moreover, as explained by the ALJ in her dismissal order, the use of "[t]raveling administrative law judges to balance and alleviate workloads is an accepted practice nationally in the Office of Hearings and Appeals (OHA)." Therefore, Subia's argument that she was entitled to have her case heard by an ALJ residing in California does not present a colorable constitutional claim.

■ Subia's claim that the Notice of Hearing was deficient is equally specious for several reasons. First, Subia cites no statute, case, or regulation suggesting that the SSA must include in a Notice of Hearing the name and resume of the vocational expert scheduled to testify at the claimant's hearing. Second, Subia makes no argument as to why such information was necessary to ensure that she received a fair hearing. Third, even if the name and resume of the vocational expert were nec-

essary, Subia presents no evidence demonstrating that she was ever denied access to this information. To the contrary, the record reveals that this information was made readily available to Subia at the Office of Hearings and Appeals in Pasadena for over a month prior to her scheduled hearing date. Subia does not dispute these facts.

We therefore conclude that Subia's allegation concerning the deficiency of the Notice of Hearing does not present a colorable constitutional claim.

#### d. *Subia's reliance on McNatt v. Apfel is misplaced*

Subia directs our attention to *McNatt v. Apfel,* 201 F.3d 1084 (9th Cir.2000), in support of her argument that the ALJ should have postponed her hearing rather than dismissing it. Subia misreads *McNatt.* Our holding in *McNatt* reaffirms rather than undermines our holding in *Hoye* that a claimant's failure to appear at a hearing, either personally or through counsel, precludes a claimant from obtaining a final decision of the Commissioner and, consequently, judicial review of her case. *Id.* at 1087–88. In *McNatt,* we analyzed 20 C.F.R. § 404.957, which states that an ALJ may dismiss a request for a hearing if neither the claimant nor the claimant's representative "appears" at the scheduled hearing. 20 C.F.R. § 404.957 ("An administrative law judge may dismiss a request for a hearing under any of the following conditions: ... (b)(1)(i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing ... and good cause is not found by the administrative law judge...."). Specifically, we were asked to determine whether attendance at a hearing by a claimant's representative for the sole purpose of seeking a continuance constitutes an "appearance" for pur-

poses of 20 C.F.R. § 404.957. *Id.* We answered this question in the affirmative, holding:

> [I]t does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, *a claimant who appears* at a scheduled hearing through counsel and seeks a continuance also forfeits review.... *[W]hen a representative appears* without a claimant who is an essential witness, the ALJ should offer to postpone the hearing. *McNatt's attorney appeared;* McNatt was clearly an essential witness; and the ALJ did not offer to postpone the hearing. The ALJ's dismissal was therefore in error.

*Id.* (emphasis added).

The case before us is easily distinguishable from *McNatt.* Here, it is uncontested that neither Subia nor Katz attended the scheduled hearing for *any* purpose whatsoever. Thus, even under the *McNatt* court's liberal interpretation of the word "appears," Subia cannot be deemed to have "appeared" at her scheduled hearing for purposes of 20 C.F.R. § 404.957. The ALJ therefore was acting in accordance with 20 C.F.R. § 404.957 when she dismissed Subia's request for a hearing.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of this action for lack of jurisdiction.