**Nick DISPENZA, Plaintiff—Appellant,**

v.

**ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES; et al., Defendants—Appellees.**

No. 01–56017.

D.C. No. CV–01–00390.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Nick Dispenza appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his 42 U.S.C. § 1983 action against the Orange County Department of Social Services and numerous individual defendants, alleging improper denial of parental rights and ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir.2001). We affirm.

Because Dispenza's parental rights claim is inextricably intertwined with the state court's custody decision, the district court lacked subject matter jurisdiction over the claim. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The district court properly dismissed Dispenza's ineffective assistance of counsel claim because the claim necessarily implied the invalidity of Dispenza's state criminal conviction under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Dispenza's "Emergency Order to Show Cause Re Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction, and Damages," filed January 17, 2002, is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.