**Marshall Samuel SANDERS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.**

No. 05–55571.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Marshall Samuel Sanders, Tustin, CA, pro se.

Marcus M. Kerner, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, Donna W. Anderson, Maria V. Daquipa, Esq., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Marshall Samuel Sanders appeals pro se from the district court's order dismissing for lack of jurisdiction his action challenging the Commissioner of Social Security's termination of his disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision dismissing an action for lack of subject matter jurisdiction. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir. 2001). We affirm.

Sanders, through counsel, withdrew his request for a hearing before an administrative law judge ("ALJ"). He thereby failed to exhaust his administrative remedies, and there was no final appealable decision by the Commissioner for the district court to review. *See id.* at 902.

We agree with the district court that Sanders' allegation that he was denied notice and an opportunity to be heard regarding the termination of his benefits does not constitute a colorable due process claim, given that Sanders withdrew his request for a hearing before an ALJ. Moreover, the facts alleged for the first time in Sanders' objections to the magistrate judge's report and recommendation were known at the time the original and amended complaint were filed and appear to have been asserted merely for the purpose of obtaining jurisdiction. *See id.* ("A

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.").

Sanders' remaining contentions lack merit.

Sanders' request for appointment of counsel, made in his reply brief, is denied.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.