Robert JACKSON, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of the Social Security Administration; et al., Defendants—Appellees.

No. 05–16669.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Submitted Nov. 13, 2007 **.

Filed Nov. 21, 2007.

Robert Jackson, Las Vegas, NV, pro se.

Peter K. Thompson, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Robert Jackson appeals pro se from the district court's order dismissing his action challenging two decisions by the Social Security Administration ("SSA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *See Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir.2001) (reviewing dismissal for failure to exhaust); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.2001) (reviewing dismissal on the basis of the statute of limitations). We affirm.

The district court properly dismissed Jackson's challenge to the SSA's 2004 decision because Jackson failed to exhaust his administrative remedies. *See Subia*, 264 F.3d at 902 (explaining that failure to exhaust administrative remedies bars judicial review).

The district court properly dismissed Jackson's untimely challenge to the SSA's

2001 decision because Jackson did not file his request within the 60–day statute of limitations period and did not present any basis for equitable tolling. *See* 42 U.S.C. §. 405(g) (requiring commencement of civil action within 60 days of the Social Security Commissioner's final decision); *cf. Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (finding equitable tolling appropriate where agency's secretive conduct prevented claimants from knowing a violation of rights occurred).

**AFFIRMED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

