**Michael GOFF, Plaintiff—Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 07–36089.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 7, 2009.

Michael Goff, White City, OR, pro se.

Britannia I. Hobbs, AUS, USPO–Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

MEMORANDUM \*\*

Michael Goff appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action challenging the Social Security Administration's decision to discontinue his benefits from approximately 1980 to 1985. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir.2001). We affirm.

The district court properly dismissed the action for lack of subject matter jurisdiction because Goff failed to exhaust his administrative remedies in a timely manner. *See* 42 U.S.C. § 405(g) (limiting judicial review to a "final decision" of the Secretary made after a hearing); 20 C.F.R. § 416.1336(b) (requiring claimant to appeal the written notice of intent to suspend, reduce, or terminate payments within 60 days after the date of receipt of the notice). Moreover, Goff failed to allege a colorable constitutional claim. *See Subia*, 264 F.3d at 902 (explaining that a constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous).

Goff's remaining contentions are unpersuasive.

**AFFIRMED.**

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.