*560 MEMORANDUM **
Michael Goff appeals pro se from the district court’s judgment dismissing for lack of subject matter jurisdiction his action challenging the Social Security Administration’s decision to discontinue his benefits from approximately 1980 to 1985. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Subia v. Comm’r of Soc. Sec., 264 F.3d 899, 901 (9th Cir.2001). We affirm.
The district court properly dismissed the action for lack of subject matter jurisdiction because Goff faded to exhaust his administrative remedies in a timely manner. See 42 U.S.C. § 405(g) (limiting judicial review to a “final decision” of the Secretary made after a hearing); 20 C.F.R. § 416.1336(b) (requiring claimant to appeal the written notice of intent to suspend, reduce, or terminate payments within 60 days after the date of receipt of the notice). Moreover, Goff failed to allege a colorable constitutional claim. See Subía, 264 F.3d at 902 (explaining that a constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous).
Goffs remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.