**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD P. ARMSTRONG,<br><br>       Plaintiff - Appellant,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant - Appellee. | No. 09-35114<br><br>D.C. No. 6:07-cv-01485-TC<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted February 1, 2010 [**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

   Richard Armstrong appeals the district court's dismissal, for lack of subject

matter jurisdiction, of Armstrong's action seeking judicial review of the

Commissioner of Social Security's denial of his application for disability insurance

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm substantially for the reasons given by the magistrate judge and adopted by the district court.

Armstrong did not exhaust his administrative remedies because he did not timely request a hearing before an Administrative Law Judge ("ALJ"), *see* 42 U.S.C. § 405(g), and a decision denying a request to extend the time period for requesting review is not subject to judicial review, *see* 20 C.F.R. § 404.903(j); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001).

The district court did not err in declining to waive the exhaustion requirement because Armstrong raised neither a colorable constitutional claim nor a claim that was collateral to his substantive claim of entitlement to benefits.  *See Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003); *Subia*, 264 F.3d at 902. Armstrong has not raised a colorable constitutional claim because he does not allege that he received deficient agency notice, because Armstrong was represented by counsel, and because the ALJ considered Armstrong's mental capacity in denying his request for an extension of time.  *See Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001).  We also agree with the magistrate judge's reasoning on collaterality: "Plaintiff's claim . . . goes to the individual application of regulations by the ALJ, and, ultimately, to the determination of plaintiff's benefits.

2

[It] does not challenge an Agency policy that would rise or fall on its own." *See*

*Kildare*, 325 F.3d at 1082–83.

**AFFIRMED.**