NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 30, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2789

| | |
|---|---|
| LOUISE DAVENPORT,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 09 C 4952<br><br>George M. Marovich,<br>*Judge.* |

**O R D E R**

Louise Davenport appeals the district court's dismissal of her complaint challenging the Commissioner's denial of Social Security disability insurance benefits without a hearing. The court ruled that there was no subject-matter jurisdiction because her case lacked a "final decision of the Commissioner of Social Security made after a hearing," *see* 42 U.S.C. § 405(g). We affirm, though on slightly different grounds.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Davenport is a 45-year-old woman who claims to have suffered since 1998 from a number of maladies, including various organ diseases, arthritis, diabetes, headaches, dizziness, nausea, and fatigue. In 2001 she applied for disability insurance benefits and supplemental security income. ALJ Cynthia Bretthauer denied Davenport's claims, but a district court remanded the case after finding that Bretthauer had committed numerous errors in developing and evaluating the record.

On remand the Appeals Council sent Davenport's case to ALJ Edwin Shinitzky for a hearing. Shinitzky scheduled several consultative examinations for Davenport and sent the case back to Bretthauer. Davenport protested going back to Bretthauer, having already filed with the agency an "Unfair Treatment Complaint" of bias against her. She also refused to take the scheduled consultative examinations, which she considered unnecessary.

Bretthauer sent Davenport notice of a hearing scheduled for June 2007. Davenport never responded to this notice and did not appear at the hearing. Bretthauer followed up with a Notice to Show Cause for Failure to Appear, which explained that Davenport needed to submit a written statement setting forth a "good reason" (as defined in 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2)) for not attending the hearing to avoid dismissal. Davenport responded that Bretthauer was biased and requested her removal from the case. One month later Bretthauer dismissed Davenport's request for a hearing and denied her disability claims. She explained that Davenport provided no good reason for failing to attend the hearing and did not attend several consultative examinations scheduled for her. Davenport requested review of this dismissal, but the Appeals Council denied the request.

Davenport then timely filed a federal complaint against the agency within 60 days of receiving the Appeals Council decision. She argued that the agency violated due process by (1) disregarding procedures outlined in its brochure titled "How to File an Unfair Treatment Complaint"; (2) ignoring procedures contained in the Commissioner of Social Security's "Hearings, Appeals and Litigation Law Manual" (commonly referred to as the "HALLEX"); and (3) permitting Bretthauer to oversee her case. The district court granted the Commissioner's motion to dismiss, believing that it lacked subject-matter jurisdiction over Davenport's complaint because her administrative claims never resulted in a "final decision of the Commissioner of Social Security made after a hearing," *see* 42 U.S.C. § 405(g), and because her allegation of bias did not state a colorable due-process claim.

On appeal Davenport argues that she received a "final" administrative decision when the Appeals Council denied her request for review of Bretthauer's dismissal of her request for a hearing. (In her reply brief Davenport says that she "gives up on the final decision argument," but we don't interpret this as abandonment; rather, we think that she is conveying her difficulty understanding the agency's position on the issue.)

Judicial review of decisions of the Social Security Administration is authorized by 42 U.S.C. § 405(g). That section "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). In Davenport's case, no hearing occurred; she concedes that she "refused to attend" the June 2007 hearing before Bretthauer. By refusing to attend, Davenport "waived [her] opportunity for a hearing and failed to exhaust the administrative remedy upon which judicial review depends." *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992); *see also Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001); *Brandyburg v. Sullivan*, 959 F.2d 555, 557-62 (5th Cir. 1992); *Doe v. Sec. of Health and Human Servs.*, 744 F.2d 3, 4 (1st Cir. 1984) (per curiam). Federal courts typically decline to review unexhausted claims. *See, e.g., Porter v. Nussle*, 534 U.S. 516, 523-25 (2002) (exhaustion required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)); *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 391 (7th Cir. 2011) (exhaustion required in the immigration context under 8 U.S.C. § 1252(d)(1)); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) (exhaustion required in the habeas corpus context under 28 U.S.C § 2254(b)(1)(A)).

Although some of the Social Security decisions affirming dismissals in no-hearing cases cite a lack of subject-matter jurisdiction, their reasoning suggests only a failure to exhaust because courts may "waive" the hearing requirement if the claimant establishes that the agency was enforcing it unconstitutionally, *Subia*, 264 F.3d at 902; *see also Califano*, 430 U.S. at 109; *Mathews v. Eldridge*, 424 U.S. 319, 331-32 (1976). Davenport advanced three arguments before the district court to excuse her failure to exhaust. The court addressed only her contention that Bretthauer's bias violated due process; it passed over her two other arguments that the agency violated due process by disregarding procedures contained in the "Unfair Treatment Complaint" brochure and in the HALLEX. We may resolve these issues here if their resolution is straightforward. *See Singleton v. Wulff,* 428 U.S. 106, 121 (1976). Because Davenport preserved and briefed these claims on appeal and because we can readily conclude that they are meritless, "it is in the interest of judicial economy that we address" them. *See Kaczmarek v. Rednour,* 627 F.3d 586, 595 (7th Cir. 2010).

Due process requires that a Social Security disability claimant be offered a "full and fair" hearing. *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); *see Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). This standard is violated if a claimant is not offered a chance to present evidence or where the ALJ exhibits bias or animus against the claimant during a hearing. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010); *Ventura,* 55 F.3d at 902-03. Davenport does not deny that she had a chance to attend her hearing and present evidence. Rather, she contends that, in previously ruling against her, Bretthauer was biased because she failed to "fully develop the record with evidence from treating sources," she gave credence to an allegedly fraudulent consultative

examination report, and she "ignored" evidence of disability on the record. But "[b]ias cannot be inferred from a mere pattern of rulings by a judicial officer; it requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law." *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007); *see Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."). Nothing in the record shows that ALJ Bretthauer had any "personal enmity" toward Davenport that would violate due process. *See Hoye*, 985 F.2d at 992. Her refusal to attend her hearing and exhaust is therefore not excused.

Davenport nonetheless contends that we should excuse her refusal to attend because the agency violated due process by ignoring procedures in the "Unfair Treatment Complaint" brochure. Davenport says that the brochure "promise[d]" that "a new ALJ [will] preside over the hearing if the claimant felt the ALJ could not be fair." But an agency's brochure does not itself create a due-process command; the brochure is a nonbinding, informal policy statement that the agency can alter at will as it was not adopted through rulemaking procedures. *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (concluding that manual rules promulgated for claims representatives do not bind the SSA). And anyway the brochure contains no such promise—it merely states that the agency will "look into" a complaint concerning an unfair ALJ, but nowhere guarantees a new judge. *See* "How to File an Unfair Treatment Complaint," SSA Pub. No. 05-10071 (2004 ed.). *See also* 20 C.F.R. § 404.940 ("If the administrative law judge does not withdraw [after considering the claimant's objection], you may, *after the hearing*, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.") (emphasis added).

Davenport similarly asserts that the agency violated due process, thereby excusing her refusal to attend the hearing, when it ignored procedures in the HALLEX, *available at* http://www.ssa.gov/OP_Home/hallex/hallex.html (last visited Mar. 10, 2011). For example she contends that Bretthauer violated the HALLEX when she did not issue a favorable decision based upon evidence in the record despite Davenport's absence. Circuits are split over whether the HALLEX creates enforceable rights. *See, e.g., Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010) (the HALLEX is merely a non-binding, internal administrative guide); *Ferriell v. Comm'r of Soc. Sec.*, 614 F.3d 611, 618 n.4 (6th Cir. 2010) (same); *Power v. Barnhart*, 292 F.3d 781, 785-86 (D.C. Cir. 2002) (same); *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998) (same); *but see Shave v. Apfel*, 238 F.3d 592, 596-97 (5th Cir. 2001) (prejudicial violations of the HALLEX entitle a claimant to relief); *Newton v. Apfel*, 209 F.3d 448, 459-60 (5th Cir. 2000) (same). But no circuit has held that the HALLEX creates *constitutional* rights because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights. *See United States v. Caceres*, 440 U.S. 741, 751-52

(1979). Because Davenport has not otherwise shown that the agency violated due process, her failure to exhaust when she refused to attend her hearing defeats her claim for benefits.

AFFIRMED.