**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2411

_____

GILBERT M. MARTINEZ,
Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01016)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2023
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: May 23, 2023)

_____

OPINION*

_____

PER CURIAM

Gilbert Martinez appeals pro se from the District Court's order dismissing his

action against the Commissioner of the Social Security Administration ("SSA").  For the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reasons set forth below, we will affirm the District Court's judgment with one modification.

I.

In March 2022, Martinez filed a complaint in the District Court alleging that the SSA improperly denied his claim for supplemental security income ("SSI"). He sought an order granting him SSI benefits or, alternatively, requiring the Commissioner to show cause why benefits should not be awarded. Shortly after Martinez filed his complaint, his case was assigned to District Judge Paul Diamond. Martinez filed a motion to recuse Judge Diamond, which the District Court denied.

Shortly thereafter, on June 1, 2022, the Commissioner, who was served with the complaint on March 18, 2022, filed a motion for a 14-day extension of time to respond, contending that an extension was necessary due to a delay in obtaining the certified administrative record. The District Court granted the request, and on June 15, the Commissioner filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). In the meantime, Martinez filed motions under Federal Rule of Civil Procedure 60(b) to void the District Court's order granting the Commissioner's motion for an extension of time. He also requested a default judgment in his favor because the Commissioner did not respond to his complaint within 60 days as required under Federal Rule of Civil Procedure 12(a)(2).

The District Court denied Martinez's Rule 60(b) motions, and Martinez moved for reconsideration of that decision. The District Court subsequently denied Martinez's

motion for reconsideration and granted the Commissioner's motion to dismiss in a single order, concluding that Martinez failed to exhaust administrative remedies within the SSA. Martinez timely appealed, and he challenges the District Court's orders refusing his recusal motion, granting the Commissioner's motion for extension of time, and dismissing his complaint.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Martinez's complaint for lack of subject matter jurisdiction. See Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999). The remainder of our review is for abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (recusal); Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J., 297 F.3d 253, 261 (3d Cir. 2002) (extension of time); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (refusal to enter default judgment).

## III.

Martinez first argues that the District Court abused its discretion in denying his motion for recusal under 28 U.S.C. § 455, and that Judge Diamond was required to recuse himself because Martinez filed—albeit, after the District Court had already ruled on his recusal motion—an affidavit alleging bias under 28 U.S.C. § 144. But an affidavit under § 144 must be "'*sufficient*' to show the judge involved has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party, that dictates that the judge proceed no further." Jones, 899 F.2d at 1356 (emphasis added). Here,

3

both Martinez's motion and his affidavit relied on his belief that the District Judge was biased against him because he made rulings unfavorable to Martinez in a previous case. But "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Jones, 899 F.2d at 1356. Thus, the District Court did not abuse its discretion in denying Martinez's recusal motion.

Martinez next challenges the District Court's decision to grant the Commissioner an enlargement of time to respond to Martinez's complaint and contends that the District Court instead should have entered a default judgment in his favor. Regarding the Commissioner's request for an extension of time, a district court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and Martinez does not point to any compelling reason why an extension was unreasonable under the circumstances. Further, we do not favor entry of default judgments, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), and when, as here, a United States agency is the opposing party, a default judgment may be entered "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). As discussed further below, Martinez did not make the required showing in this case, as the District Court properly dismissed Martinez's complaint.

The jurisdiction of district courts to review Social Security benefits cases is described in 42 U.S.C. § 405(g), which provides, in relevant part, that an "individual,

after any final decision of the Commissioner of Social Security made after a hearing . . .

may obtain a review of such decision by a civil action."  A final decision is rendered after

a claimant has completed a four-step administrative review process consisting of an

initial determination, reconsideration, a hearing by an Administrative Law Judge

("ALJ"), and review by the Appeals Council.  See Smith v. Berryhill, 139 S. Ct. 1765,

1772 (2019) (citing 20 C.F.R. § 416.1400).  Without a final decision, a district court lacks

subject matter jurisdiction to review a Social Security benefit determination.  See

Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998).[1]  There are, however, limited

situations in which a district court may exercise jurisdiction without a final decision,

including where a litigant raises a colorable constitutional claim.  See Califano v.

Sanders, 430 U.S. 99, 108-09 (1977).

Here, Martinez's only argument regarding the District Court's jurisdictional

analysis is that the ALJ's decision following an evidentiary hearing constituted a final

decision.  But, as Martinez acknowledged in his complaint, he did not seek review before

the Appeals Council as required by the relevant regulations.  Therefore, Martinez did not

obtain a final decision that would allow the District Court to exercise jurisdiction.  The

District Court also reasoned that, to the extent that Martinez's complaint could be

---

[1] The requirement that there must be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case."  Mathews v. Eldridge, 424 U.S. 319, 328 (1976).  Although the specific "administrative remedies prescribed by the Secretary" may be waived, id., the agency has not waived exhaustion here.

liberally construed as raising a due process claim, any such claim was frivolous and could not confer jurisdiction. Martinez does not challenge this analysis in his opening brief, but even if the issue is not forfeited, see M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020), we agree with the District Court's conclusion. As the District Court noted, Martinez essentially contended that any ruling of the ALJ that was unfavorable to him was the product of bias and fraud. These allegations, which were directly related to Martinez's claim of eligibility for benefits, were insufficient to state a colorable constitutional claim that could confer federal jurisdiction absent a final decision. See Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001) (reasoning that "[a] constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous" (citation and internal quotation marks omitted)); cf. Heckler v. Ringer, 466 U.S. 602, 614 (1984) (concluding that 42 U.S.C. § 405(h) precluded judicial review absent exhaustion where constitutional claims were "'inextricably intertwined' with claims for benefits").[2] We therefore agree with the District Court's decision to dismiss this case for lack of jurisdiction. However, because dismissals for lack of subject

---

[2] Moreover, where, as here, an ALJ denies a claimant's request for recusal, a claimant may raise objections to that ruling before the Appeals Council, after which judicial review is available under § 405(g). See 20 C.F.R. § 416.1440; Hummel v. Heckler, 736 F.2d 91, 94 (3d Cir. 1984) ("The . . . regulation apparently contemplates that factfinding with respect to claims of bias take place at the agency level, and that judicial review of bias claims take place in review proceedings under section 405(g).").

matter jurisdiction should be without prejudice, we modify the District Court's judgment to dismiss the complaint without prejudice. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997); see also Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying a judgment to reflect that it should have been a dismissal without prejudice).[3]

Accordingly, we will affirm the judgment of the District Court as modified.

---

[3] Having properly concluded that it lacked jurisdiction, the District Court also did not err in denying Martinez's motion for reconsideration of its earlier order denying Martinez's Rule 60(b) motions related to the Commissioner's motion for extension of time. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (noting that denial of reconsideration is reviewed for abuse of discretion).