**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3051
_____

SCOTT REPELLA,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00990)
Magistrate Judge:  Honorable Martin C. Carlson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2024

Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 10, 2024)
_____

OPINION[*]
_____

PER CURIAM

Appellant Scott Repella, proceeding pro se, appeals from the District Court's

dismissal of his complaint without prejudice.  For the following reasons, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2019, the Social Security Administration ("SSA") notified Repella of its determination that he had received an overpayment of his benefits. Dkt. No. 16-1 at 23. The SSA advised Repella that it would begin withholding a portion of his monthly benefits to recoup the overpayment and that he could request a reconsideration of the determination or a waiver of the recoupment. Id. at 16. Repella filed a request for reconsideration, arguing that the SSA's calculations were incorrect. Id. at 19 & 23; C.A. Dkt. No. 7 at 10. Upon reconsideration, the SSA affirmed the determination and commenced withholding a portion of his benefits. Dkt. No. 16-1 at 26. Repella requested a hearing before an Administrative Law Judge ("ALJ"), which the SSA scheduled. Id. at 27 & 33.

Before that hearing occurred, Repella filed a complaint against the Commissioner of the SSA pursuant to 42 U.S.C. § 405(g). Dkt. Nos. 1 & 2. He asserted that the SSA denied him due process by failing to hold a hearing before commencing its withholding. Dkt. No. 2 at 2-4. The SSA filed a motion to dismiss. Dkt. Nos. 15 & 16. The District Court granted the motion and dismissed the complaint without prejudice, concluding that Repella failed to exhaust his administrative remedies within the SSA before seeking judicial review, as required by § 405(g).[1] Dkt. Nos. 19 & 20. Repella filed a timely notice of appeal.[2] Dkt. No. 21.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). Dkt. No. 14.

[2] Repella's hearing before an ALJ occurred in 2022, Dkt. No. 16-1 at 52, and the ALJ issued a decision in May 2023, C.A. Dkt. No. 7 at 7. Repella does not challenge any prospective withholding. Id.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Repella's complaint. See Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

Repella argues that, although he did not exhaust his administrative remedies, the District Court was allowed to consider the due process claim that he raised.[3] C.A. Dkt. No. 7 at 9-15. There are indeed limited situations where exhaustion is not required, such as if a claimant has raised a colorable constitutional claim or a collateral claim and has demonstrated that he would be irreparably injured if he was required to exhaust. See Smith v. Berryhill, 139 S. Ct. 1765, 1774 n.7 (2019); Bowen v. City of New York, 476 U.S. 467, 483 (1986); Califano v. Sanders, 430 U.S. 99, 108-09 (1977); see also Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902-03 (9th Cir. 2001) ("[W]e will not waive a claimant's failure to exhaust . . . merely because she has asserted *any* constitutional claim; rather, her constitutional claim must be colorable." (citation and quotation marks omitted)). In those instances, "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." Bowen,

---

[3] Pursuant to 42 U.S.C. § 405(g), an individual may obtain judicial review of any final decision of the Commissioner of the SSA, which is rendered after a claimant has completed a four-step administrative review process. See Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400). It is undisputed that Repella did not complete the administrative review process before filing his complaint. Dkt. No. 2 at 2; Dkt. No. 16 at 2-3. While the District Court treated the exhaustion issue as implicating its jurisdiction, we understand the issue to involve a "nonjurisdictional element of administrative exhaustion." Smith, 139 S. Ct. at 1773. Nevertheless, because the District Court considered only the pleadings and the indisputably authentic documents, we may affirm under Rule 12(b)(6). See L.N.P. v. Kijakazi, 64 F.4th 577, 585-86 (4th Cir. 2023); see generally Ball v. Famiglio, 726 F.3d 448, 459-60 (3d Cir. 2013).

3

476 U.S. at 483 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).  Repella has not made such a claim.

The SSA procedure to hold a post-recoupment hearing for claimants like Repella seeking administrative reconsideration of an overpayment decision satisfies due process. See Califano v. Yamasaki, 442 U.S. 682, 695-96 (1979) (citing Mattern v. Mathews, 582 F.2d 248, 258 (3d Cir. 1978)).  The SSA followed that procedure in Repella's administrative appeal, so Repella's claim is not colorable.  See Subia, 264 F.3d at 902 (reasoning that a "constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial" (citation and quotation marks omitted)); cf. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (explaining that court may dismiss for lack of jurisdiction if the federal claim is "foreclosed by prior decisions of this Court" (quotation marks omitted)).  Further, Repella did not assert that the withholding of a portion of his benefits caused him any harm, so he failed to show that his alleged injuries could not be remedied by the retroactive payment of benefits.  See Eldridge, 424 U.S. at 331 (wherein petitioner raised "at least a colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments").

Accordingly, we will affirm the judgment of the District Court.