**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE R. MILLER, | No.  24-5870 |
| Plaintiff - Appellant, | D.C. No. 4:24-cv-00024-JTJ |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted June 13, 2025[**]
San Francisco, California

Before:  S.R. THOMAS and KOH, Circuit Judges, and SILVER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Stephanie Miller appeals from the district court's judgment affirming the dismissal of her social security hearing request, following the Social Security Administration's denial of benefits and Miller's failure to appear at a scheduled hearing. The district court had subject matter jurisdiction under 42 U.S.C. § 405(g), and we have appellate jurisdiction under 28 U.S.C. § 1291. "We review the district court's order affirming the [Administrative Law Judge's ('ALJ')] denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). Because the parties are familiar with the facts and history of this case, we need not recount them here. We affirm.

An ALJ may dismiss a request for a hearing when:

> Neither [the claimant] nor the person [she] designate[s] to act as [her] representative appears at the time and place set for the hearing and [she] ha[s] been notified before the time set for the hearing that [her] request for a hearing may be dismissed without further notice if [she] did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for [her] failure to appear . . . .

20 C.F.R. § 416.1457(b)(1)(i). When determining if the good cause standard has been met, the ALJ "will consider any physical, mental, educational, or linguistic limitations . . . which [the claimant] may have." 20 C.F.R. § 416.1457(b)(2).

2

Substantial evidence supports the ALJ's finding that Miller did not show good cause. All of Miller's reasons for missing the hearing concern her ability to answer a call from the court, but the fact that she could answer a call from the court the next business day undermines those reasons. Neither Miller's response to the show cause order nor her briefing at any stage of litigation afterwards explains why her reasons only applied to the day of the hearing, and not the surrounding days. *See Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992) (holding that an "ALJ was fully empowered to dismiss the request for a hearing" where the claimant's good cause showing "was insufficient"); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 904 (9th Cir. 2001) (same).

Miller's counterarguments are unavailing. First, Miller argues that the ALJ failed to consider Miller's mental health impairments. But the ALJ did consider these impairments; the ALJ just reached a different conclusion about whether they caused the failure to appear, by relying on a psychologist's report that said Miller had the ability "to learn, remember, and apply information . . . and no real limiting ability to manage or adapt." *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992))). Miller also argues that the ALJ did not consider a letter of

3

support about Miller's mental health. But the ALJ did consider that letter, because she cited it in her discussion of Miller's mental health struggles.

Second, Miller argues that the ALJ failed to consider her financial inability to pay for necessary phone repairs. Assuming the ALJ was required to consider that inability, that still would not remedy the weaknesses in Miller's reasons for missing the hearing, because Miller has not explained why that inability impacted her phone only on the day of the hearing, and not the next business day.

Third, Miller argues that her phone difficulties were an "unforeseen event," which meets the agency's interpretation of "good cause." Social Security Administration, Commissioner's Hearings, Appeals, and Litigation Manual ("HALLEX") I-2-4-25(C)(1)(b). But Miller has not alleged, either before the ALJ or any reviewing body, that her need for phone repairs and difficulty paying for minutes were not known at the time she agreed to a telephonic hearing. It is similarly unclear why it was unforeseeable that she would be out of town or that her phone would be off. Thus, Miller's "unforeseen event" argument is not enough to show the ALJ erred on this record and standard of review.

Finally, Miller argues that the ALJ violated Miller's due process rights by considering evidence outside the record, without a hearing. This argument is

forfeited because it was only raised in the reply brief.  *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).  We thus do not consider it.

In sum, substantial evidence supports the ALJ's finding that Miller had not shown "good cause" for missing the telephonic hearing.  Because of our resolution of this issue, we need not and do not address any other argument raised by the parties.  Thus, we affirm the district court's denial of Miller's petition.

**AFFIRMED.**